Battle, J.
 

 This was an application by the plaintiff for a
 
 mandamus
 
 to compel the defendants to pay him a certain balance alleged by him to be due for building a Court House for the county of Cleaveland. To his petition the defendants made their return by way of answer, and therein stated, that the plaintiff had failed to execute his contract according to the specification therein contained, and that they had already paid him as much as his work, labor and materials were worth, and they insisted that they were under no obligation to pay him any more. The plaintiff traversed the return of the defendants, and the following issues were drawn up, by the counsel of the respective parties, under the direction of the Court, to be submitted to a jury:
 

 “ 1st. Did the plaintiff execute the contract according to the specifications and agreement; and, if so, to what sum is he entitled from the defendants.
 

 “ 2d. If the plaintiff failed to perform his contract, according to said agreement and specifications, and yet erected the building in a different way, and with different materials, and the building so erected was accepted and used by the Justices of Cleaveland, to what sum is the plaintiff entitled therefor.”
 

 Upon the trial of these issues, testimony was introduced by
 
 *486
 
 both parties, from which it appears that the plaintiff did not execute his contract according to the specifications therein set forth, but that he did erect a house, which the defendants used as a Court House. It was admitted by the plaintiff, that the defendants had paid him the sum of six thousand dollars. His Honor, in his charge to the jury, stated that the plaintiffs ought to recover of the defendants on two counts; first, on a special contract, and, secondly, on a
 
 quantum meruit;
 
 that he could not recover on the first count, unless he had performed his contract with the defendants, but that, if they received and used the building erected by the plaintiff as a Court House, he might recover on the second count, provided his work, labor and material amounted in value to more than the sum which he had already received. The jury found for the defendants, whereupon the plaintiff moved for a new trial, which was refused, and a judgment given for the defendants, from which he appealed. The only error which we can discover, is one of which the plaintiff has no right to complain. His Honor seemed to treat the case as if it were an action of assumpsit, in which the plaintiff declared in two counts, one on a special contract, and the other on a
 
 quantum meruit.
 
 The charge ought to have had reference solely to the issues submitted to the jury; for, upon their verdict, upon them, depended the further proceeding of the Court, either in granting or refusing the
 
 mandamus.
 
 But, notwithstanding this informality, the substance and effect of the verdict was a finding of the issues against the plaintiff, and we cannot see that he was prejudiced by the manner in which the case was submitted to the jury. It was certainly as favorable as he could have desired, for the jury to be told that they might find for him if the value of his work, labor and materials amounted to moré than the sum he had already received. Upon the verdict, his Honor was certainly justified in. refusing the writ of
 
 mandamus,
 
 and dismissing the proceeding, which was the effect of what he did. The judgment must be affirmed.
 

 Judgment affirmed.